IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>EDWIN FREDERICK GUTH, III and<br>DEBRA GUTH,<br><br>                     Debtors.<br><br>EDWIN FREDERICK GUTH, III and<br>DEBRA GUTH,<br><br>                     Appellants,<br><br>vs.<br><br>LOIS K. MURPHY, Trustee,<br><br>                     Appellee, | Bk. Case No. 02-02121<br><br><br><br><br><br><br>Adv. Case No.<br><br>**MEMORANDUM ORDER**<br><br>Case No. CV05-314-S-EJL |

      Pending before the Court in the above-entitled matter is Appellants Edwin Guth, III and Debra Guth's appeal of Bankruptcy Judge Terry L. Myer's May 17, 2005 Memorandum Decision wherein the Bankruptcy Court granted the Trustee's Motion to Establish Terms and Conditions of a Proposed Sale of Personal Property of the Estate. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER** - Page  1
05Orders\Guth.wpd

Factual Background

Debtors Edwin Guth, III and Debra Guth (collectively referred to as "Debtors" or "Appellants" or "Guths") voluntarily filed a petition for Chapter 7 relief on July 2, 2002. The filing was made on the morning of the date their home was set for a foreclosure sale by the secured creditor. The *pro se* petition was filed after the Guths had consulted with two attorneys. The Guths signed under penalty of perjury, the following statement:

> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7} **I am aware that I may proceed under chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.**

(Emphasis added.)

The Guths maintain they did not understand that by filing a Chapter 7 they were transferring their non-exempt assets to the Trustee to liquidate and pay their creditors. The Guths maintain the reason they were confused is that they were not properly informed pursuant to 11 U.S.C. § 342(b) of the ramifications of filing a voluntary Chapter 7 petition. The Bankruptcy Court rejected the Guths argument that the failure to receive notice of the ramifications of a voluntary Chapter 7 filing was a basis for dismissal of the petition. The Guths appealed the decision of the Bankruptcy Court, but the appeal was not timely filed and was dismissed by this Court. See, In re: Edwin Guth, III and Debra Guth, Civ. Case No. 03-42-S-EJL. Accordingly, the merits of Debtors' argument pursuant to § 342(b) was waived by Debtors' late filing of the appeal.

The Guths filed a second appeal to this Court when the Bankruptcy Court granted their objection to the Trustee's motion for sale of property. This second appeal was dismissed by this

**MEMORANDUM ORDER** - Page  2
05Orders\Guth.wpd

Court as Debtors lacked standing to bring the appeal since they were not an aggrieved party. Debtors again tried to re-litigate the § 342(b) notice argument and the Court informed Debtors that their opportunity to appeal that issue had passed.  See In re: Edwin Guth III and Debra Guth, Civ. Case No. 03-225-S-EJL.

Pending before the Court is the Guths' third appeal. In the appeal, Debtors argue their due process rights were violated, the petition should be considered a nullity based on the lack of notice pursuant to § 342(b) and lack of jurisdiction of the Bankruptcy Court.  The notice of appeal was timely filed on May 26, 2005.  The Trustee objected to assignment of the appeal to the Bankruptcy Appellate Panel and the matter was assigned to this Court.  The briefing has been submitted by the parties.

Standard of Review

Factual findings of the Bankruptcy Court are reviewed by this Court by applying a "clearly erroneous" standard.  Fed. R. Bankr. P. 8013.  Legal conclusions of the Bankruptcy Court are subject to a *de novo* review by this Court.  Fed. R. Bankr. P. 8013.

The Court notes that the Debtors are proceeding *pro se* with this current appeal.  The Court, therefore, reviews the appeal with an eye on the Ninth Circuit Standards regarding *pro se* litigants.  See Tucker v. Carlson, 925 F.2d 330 (9th Cri. 1991).

Notice Pursuant to § 342(b)

Debtors again try in this third appeal to raise the issue they were not properly informed of the consequences of filing a voluntary Chapter 7 petition as required by 11 U.S.C. § 342(b). As stated earlier, this argument has been waived by Debtors' failure to timely appeal the November 8, 2002 Memorandum Decision by Bankruptcy Judge Terry L. Myers. Accordingly, the Court agrees with the Trustee that Appellants are collaterally estopped from raising the argument in this third appeal.

The doctrine of collateral estoppel prevents re-litigation of issues previously litigated and decided, after a full and fair opportunity for litigation, in a prior proceeding. See, Kourtis v. Cameron, 419 F.2d 989, 994 (9th Cir. 2005) (citations omitted). There are three requirements for collateral estoppel to apply: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against who collateral estoppel is asserted was a party or in privity with a party at the first proceeding. Id. In the present case, the § 342(b) argument was briefed and argued before the Bankruptcy Court. The Bankruptcy Court ruled on the merits of the motion to dismiss based on the § 342(b) argument and Debtors failed to file a timely appeal of the Bankruptcy Court's decision. The decision of the Bankruptcy Court was a final judgment on the issue of notice to the Debtors. Finally, the Debtors are the same debtors who raised the argument originally in their bankruptcy action. Therefore, all three requirements have been satisfied and the Debtors are collaterally estopped from raising the § 342(b) argument in this third appeal.

Due Process

Appellants argue that a "higher form of law" controls and their due process rights under the Constitution were violated when they were not given notice that their non-exempt assets would be liquidated by the Trustee if they filed for Chapter 7 relief. The Trustee maintains the Debtors' due process rights have not been violated as they have had adequate notice and opportunities to object at numerous hearings in Bankruptcy Court.

The Appellants did raise this issue of due process in the oral argument held on May 9, 2005. The argument was raised as part of Appellants overall argument regarding § 342(b) which the Court is not going to re-litigate as the substantive due process argument (lack of notice) is the essentially the same lack of notice argument Debtors raise claiming they did not receive proper notice of the impact of filing a Chapter 7 petition as required under § 342(b).

In the appeal briefing, Debtors state "Appellant's attorney advocacy was so reserved, that he repeatedly and adamantly refused to present the Constitutional "Due Process" argument presented in this brief before the bankruptcy court [in 2002]." See, Appellants' Response to Appellee's Opening Brief on Appeal, Docket No. 9, p. 2. This basis for not raising the substantive due process argument earlier is without merit. The Guths were represented by an experienced bankruptcy attorney when in 2002 the Bankruptcy Court denied their motion to dismiss their petition citing failure to be given proper notice pursuant to 11 U.S.C. § 342(b). Whatever arguments were raised at the hearing in 2002 or not raised at that hearing, were subject to the appeal of the November 8, 2002 Memorandum of Decision. Such appeal was filed *pro se* by the Guths and was not timely filed. The merits of a substantive due process

**MEMORANDUM ORDER** - Page 5
05Orders\Guth.wpd

argument cannot now be raised as a motion to dismiss was not before the Bankruptcy Court in May 2005 and the Debtors have already had their opportunity to have the merits of their substantive due process argument raised in their 2002 appeal.

Whether to consider an issue on which the trial court did not pass rests within the discretion of the appellate court and depends upon the facts of individual cases. Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Exceptions to the general rule exist when:

> (1) review will prevent a "miscarriage of justice;"
> (2) a change in the law raises a new issue pending appeal; and
> (3) "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed."

Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir. 1996).

In this case, the Court finds the substantive due process argument of Debtors was not raised before the Bankruptcy Court in 2002. The Bankruptcy Court was not given the opportunity to resolve this argument although it did resolve the lack of notice argument pursuant § 342(b).

> The principal reason we require parties to raise an issue in the trial court is to give that court an opportunity to resolve the matter and, hopefully, avoid error. Also, when matters are first raised in the trial court, it's possible to develop the record as needed to present the issue properly on appeal.

Everett v. Perez, at 1213. In reviewing the current substantive due process argument of the Appellants, the Court finds none of the exceptions apply. The lack of notice argument was addressed by the Bankruptcy Court and the substantive due process argument is simply another way of phrasing the same lack of notice argument. A review of the substantive due process argument will not prevent a "miscarriage of justice" as this Court finds Appellants had the

**MEMORANDUM ORDER** - Page  6
05Orders\Guth.wpd

opportunity to appeal the lack of notice argument in 2002. There has not been a change in the law since Judge Myers' ruling in 2002 and the issue presented is not purely legal as the facts surrounding the Debtors' Chapter 7 petition were relevant to the Bankruptcy Court's decision in 2002. Finally, the Court finds it would be unfair and prejudicial to the Trustee and creditors to allow the Guths raise the substantive due process argument in this appeal.

Furthermore, Debtors' counsel's failure to raise an argument at the hearings in September and October 2002, cannot be a basis for presenting a new argument that existed when the Guths were represented by counsel and when they filed their first appeal. As a general rule, an error by a party's attorney does not provide a sufficient excuse to warrant reconsideration of an adverse decision. As the United States Supreme Court explained in Link v. Wabash R.R., 370 U.S. 626 (1962):

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation....

Id. at 633-34 (citations omitted). Accordingly, to the extent the substantive due process argument being raised now is part of the renewed § 342(b) argument, it is untimely raised and the Court is estopped from considering such argument. Having ruled the substantive due process argument will not be reviewed by this Court, the Court will now construe the due process argument raised in May 2005 as a procedural due process argument.

Appellants cite the Court to Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). The Court agrees the Mullane case sets forth the premise of the Fourteenth Amendment which provides no state shall deprive any person of life, liberty or property without

**MEMORANDUM ORDER** - Page  7
05Orders\Guth.wpd

due process of law. Due process of law requires that the deprivation of property by adjudication be preceded by notice and opportunity to be heard:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.

Id. at 315. In Mallane, the issue was adequate notice to potential beneficiaries of a common trust fund and had nothing to do with notice prior to filing a Chapter 7 petition or hearings in Bankruptcy Court prior to the sale of non-exempt property.

In this case, Debtors have been afforded procedural due process of law. As stated above procedural due process requires notice and an opportunity to be heard. See Boddi v. Connecticut, 401 U.S. 371, 378-79 (1971). The Debtors' notice and opportunities to be heard have been extensive in this case which has been pending for over 3 years. While the Bankruptcy Court has not always agreed with Debtors, the Debtors have had their opportunity to be heard and have had a right to appeal adverse decisions. The failure of Debtors to comply with the procedural requirements of timely appealing the § 342(b) issue does not mean their procedural due process rights were violated. *Pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

After the Debtors filed their Chapter 7 petition, numerous hearing have been held to allow the Debtors the opportunity to seek a dismissal of the petition, to challenge the sale of property, and to insure the sale of their non-exempt is handled according to the applicable bankruptcy statutes and in accordance with the due process requirements of the United States Constitution. The record indicates Debtors have had adequate time to prepare for the hearings and have elected to represent themselves *pro se* rather than retain counsel for most hearings.

**MEMORANDUM ORDER** - Page  8
05Orders\Guth.wpd

The Debtors admit they are not familiar with the bankruptcy statutes, but this does not mean the hearings held by the Bankruptcy Court have not provided an opportunity for Debtors to be heard on matters relevant to their property.  For these reasons, Appellants' procedural due process argument is denied.

### Jurisdiction

Appellants argue the Bankruptcy Court lacks jurisdiction to continue with the Chapter 7 petition because the voluntary petition gives only an individual the right to begin a bankruptcy petition and not the Bankruptcy Court.  This argument also includes a re-hashing of the lack of notice argument that should have been properly appealed in 2002.  Once Debtors signed the petition as well as the statement they understood they were selecting Chapter 7 relief and filed the pleadings  with the Bankruptcy Court, the Bankruptcy Court had jurisdiction over the petition and all property of the estate.  28 U.S.C. § 1334(e).  The creation of the estate is based on the filing of the petition and not on the "informed consent" of the Debtors filing the petition.  The Appellants lack of jurisdiction argument is rejected.[1]

---

[1] In the recorded hearing of May 9, 2005, Appellants attempt to argue the Bankruptcy Court is an adversary to the Debtors as the Debtors are challenging the rulings and authority of the Bankruptcy Court which they allege is bias towards protecting the bankruptcy procedures and their attorney in 2002 could not be expected to challenge the Court's authority that he regularly practiced before.  This argument is baseless.  The Bankruptcy Court and this Court are charged with upholding the law and an advocate's argument the Court is not upholding the law or is misinterpreting the law is not held against the attorney or the party the attorney represents.  The Court has thoroughly reviewed the record in this matter and finds Bankruptcy Court Judge Myers has issued well-reasoned decisions based on the law and not based on any personal interests or concerns.

**MEMORANDUM ORDER** - Page  9
05Orders\Guth.wpd

Order

Being fully advised in the premises, the Court hereby orders the Memorandum Decision of the Bankruptcy Court issued on May 17, 2005 is hereby AFFIRMED and the appeal is DISMISSED IN ITS ENTIRETY.

DATED:  **November 17, 2005**

Honorable Edward J. Lodge
U. S. District Judge